UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TAMMY L. ROMERO** | **CIVIL ACTION NO. 13-2928** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF YOUNGSVILLE, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

**RULING**

This lawsuit arose from events leading up to, during, and following the night of July 23, 2012. On that night, during an altercation, Plaintiff Tammy Romero ("Romero") shot and killed Victor Wirtz ("Wirtz"). Pending before the Court are a Motion for Partial Summary Judgment [Doc. No. 47] filed by Romero and a Motion for Summary Judgment [Doc. No. 29] filed by Defendants the City of Youngsville ("Youngsville"); the Youngsville Police Department Chief, Earl Menard ("Chief Menard"), individually and in his official capacity as Chief of Police of the City of Youngsville; and Officers Scott Bernard ("Bernard"), Maurice LeBlanc, Jr. ("LeBlanc"), Brian Laborde ("Laborde"), and Douglas Heaton ("Heaton"), each in his individual capacity and official capacity as a Police Officer for the City of Youngsville ("Defendants").

On February 17, 2016, after the dispositive motions were filed, with leave of Court, Romero filed an Amended Complaint to assert claims against four additional Defendants, all of whom are Youngsville police officers. [Doc. No. 55]. On March 2, 2016, Defendants filed an Answer to the Amended Complaint [Doc. No. 57].

On April 5, 2016, Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 68] recommending that Romero's Motion for Partial Summary Judgment be DENIED. She further recommended that Defendants' Motion for Summary Judgment

be GRANTED IN PART and DENIED IN PART, dismissing the federal claims against Youngsville, Chief Menard, Bernard, LeBlanc, Laborde, and Heaton, and declining to exercise supplemental jurisdiction over Romero's state law claims.

Defendants and Romero filed objections to the Report and Recommendation [Doc. Nos. 71 & 73]. The parties then filed responses to the objections [Doc. Nos. 77 & 78].

On May 2, 2016, the four new Defendants filed a motion to dismiss the claims against them. This motion is currently referred to Magistrate Judge Whitehurst for a Report and Recommendation.

The Court is now ready to rule on Magistrate Judge Whitehurst's recommendations on the instant Motion for Partial Summary Judgment and Motion for Summary Judgment.

For the following reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation, dismisses the federal claims, but defers ruling on the state law claims until the motion to dismiss is resolved.

**I.    FACTS**

The Court has reviewed Magistrate Judge Whitehurst's recitation of the facts and ADOPTS the recitation herein with the following clarifications and/or exceptions:

(1)    Detective Dwayne Angelle ("Angelle") of the Lafayette Sheriff's Department seized three items (pistol, magazine, and six .380 auto cartridges) from a bedside table, but not all items were in the bedside table **drawer**.

(2)    Romero apparently received mental health counseling after this incident, and she later consulted with two doctors about her alleged concussion. However, the reports from the counselor and the two physicians constitute inadmissible hearsay which are not

        properly supported.[1]

(3)    Bernard and Angelle testified in their depositions that Bernard led the investigation on July 23, 2012, and directed and/or supervised Angelle.

## II. LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C). In the present case, the parties timely filed objections to Magistrate Judge Whitehurst's Report and Recommendation, thus warranting a *de novo* review by the Court.

Having conducted that review, the Court hereby ADOPTS Magistrate Judge Whitehurst's Report and Recommendation unless expressly stated otherwise.

First, with regard to Romero's Equal Protection claims, the Court ADOPTS Magistrate Judge Whitehurst's recommendation that the claims are prescribed, and, thus, those claims will be dismissed with prejudice.

In reaching this conclusion, the Court also considered Romero's new argument that her Equal Protection claims were timely based on the application of the doctrine of *contra non valentum*. "The doctrine of contra non valentum prevents the running of prescription where 'in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.'" *Nagle v. Lee*, 686 F. Supp. 148, 149 (E.D. La. 1988) (quoting *Corsey v. State Dept. of Corrections*, 375 So.2d 1319, 1321 (La. 1979)). Louisiana courts have outlined four situations where this doctrine may apply, but only

---

[1] The Court does not doubt the authenticity of the reports provided, and Romero could have easily corrected this evidentiary issue by moving to file amended exhibits with attached affidavits or declarations. However, for the reasons set forth below, this evidence does not change the Court's analysis.

one could potentially apply in this case: "where the cause of action is not known or reasonably knowable by the plaintiff, although his ignorance is not induced by the defendant." *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 908 (5th Cir. 1985) (citing *Corsey*, 375 So.2d 1319; *Nathan v. Carter*, 372 So.2d 560 (La. 1979)). "When an action appears to have prescribed on the face of the petition, the plaintiff bears the burden of establishing facts which would interrupt or suspend prescription." *Id.* at 908-909 (citing *Yarbrough v. Louisiana Cement Co.*, No. 9767 (La. 4 Cir. 05/17/79), 370 So.2d 602; *Marcel v. Hospital Corp. of the Sisters of Saint Joseph*, No. 10397 (La. 1 Cir. 09/25/75), 322 So.2d 302)).

In this case, Romero contends that Defendants' failure to arrest and/or make written reports of her three prior complaints of domestic violence against Wirtz on December 26, 2010, June 7, 2011, and December 1, 2011, are timely because she was unable to exercise her cause of action until her damage accrued on the July 23, 2012, when she shot Wirtz. In other words, Romero contends that her damages accrued the night that she shot Wirtz and that she would not have suffered such damage if Defendants had previously arrested Wirtz or prepared written complaints against him.

As Defendants point out, Romero should have raised this argument at an earlier time and the time for amendment to pleadings is passed. Nevertheless, to the extent that she seeks to amend her pleadings to include this doctrine to establish the timeliness of her Equal Protection claims, such an amendment would be futile. Setting aside the *Heck* considerations, Romero was well aware that Wirtz was not arrested on the date each of the three previous events occurred. *Contra non valentum* is not properly applied under these facts. Romero may or may not have been aware that officers failed to prepare formal written reports on the date of the three previous events. However, the record evidence shows that at least by June 20, 2011, when she filed for a temporary restraining order,

Romero knew or should have known of any damages caused by Defendants' failure to arrest or make formal written reports of Wirtz' actions toward her. [Doc. No. 29, Exh. 12 (stating that she "called police [on June 6, 2011,] because he was registering my information on several websites" and "called police in December [2010] because he was drunk [and] destroying my house. He has kicked his shoes off while drunk and hit my leg with. Grabbed my face [and] told me to remember that he is stronger than me. Shoved me in my garage . . . .")]. Therefore, the doctrine of *contra non valentum* is inapplicable.

Having determined that Romero's Equal Protection claims are time-barred, the Court need not reach Magistrate Judge Whitehurst's analysis under the Louisiana Family Violence Act, particularly given Romero's admission that this Louisiana statute does not provide one of the bases for her Equal Protection argument. Therefore, the Court DECLINES TO ADOPT this portion of the Report and Recommendation.

Second, with regard to Romero's deliberate indifference claim, the Court ADOPTS Magistrate Judge Whitehurst's recommendation that Romero failed to create a genuine issue of material fact that Defendants knew and disregarded a substantial risk of serious harm. Although her evidence is not in proper form, the Court has taken notice that Romero presented reports from two physicians to support her claim that she suffered a concussion and a report from her counsel to support her claims that she suffered emotional distress. However, such evidence, even if properly presented and considered by the Court, fails to raise a genuine issue for trial. Romero has failed to present sufficient evidence that Defendants, who were not medical professionals, knew and disregarded a substantial risk of serious harm to her when she herself did not request medical care or complain about the lack of medical care while in Defendants' custody, control, or purview and

did not even seek treatment for her alleged concussion for almost one year.

Third, with regard to Romero's Fourth Amendment claims, the Court ADOPTS Magistrate Judge Whitehurst's analysis and finding that such claims are barred by *Heck*.

Fourth, with regard to the qualified immunity defense, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Magistrate Judge Whitehurst's analysis and conclusions. With regard to Chief Menard, Heaton, Laborde, and LeBlanc, the Court ADOPTS Magistrate Judge Whitehurst's analysis and conclusions that they would be entitled to qualified immunity. With regard to Bernard, the Court DECLINES TO ADOPT Magistrate Judge Whitehurst's analysis. The Court finds that Romero has presented some evidence through the deposition testimony of Bernard and Angelle that Bernard directed Angelle in his search and seizure of items from the home. If she had raised a genuine issue of material fact for trial on her constitutional claims, then she might be able to defeat a qualified immunity defense. However, the Court has adopted Magistrate Judge Whitehurst's analysis and conclusions that neither Bernard nor the other Defendants committed any federal constitutional violations.[2] Therefore, Bernard has no liability under § 1983.

Finally, Magistrate Judge Whitehurst recommended that the Court decline to exercise supplemental jurisdiction over Romero's state law claims and remand those claims to the Fifteenth Judicial District Court. However, Romero's federal (and state) claims pending against the four new Defendants are the subject of a motion to dismiss currently pending before Magistrate Judge Whitehurst. Therefore, the Court DEFERS a determination as to whether to rule on the pending

---

[2]Specifically, the Court has adopted Magistrate Judge Whitehurst's finding that Romero's Fourth Amendment search and seizure claims are barred by *Heck*. Thus, even if Bernard could be held accountable for the direction and/or supervision of Angelle's improper search and seizure, Romero's Fourth Amendment claims against him are barred.

Motion for Summary Judgment on Romero's state law claims or to decline to exercise supplemental jurisdiction over those claims until Magistrate Judge Whitehurst has issued a Report and Recommendation on the motion to dismiss, and the parties have had the opportunity to file objections and responses thereto.

### III. CONCLUSION

For the foregoing reasons, Romero's Motion for Partial Summary Judgment [Doc. No. 47] is DENIED, and Defendants' Motion for Summary Judgment [Doc. No. 29] is GRANTED IN PART and DEFERRED IN PART. The Court will issue a Judgment dismissing Romero's federal claims against Youngsville; Chief Menard, individually and in his official capacity as Chief of Police of the City of Youngsville; and Bernard, LeBlanc, Laborde, and Heaton, each in his individual capacity and official capacity as a Police Officer for the City of Youngsville. The Court will DEFER either ruling on the Motion for Summary Judgment as to the state law claims or declining to exercise supplemental jurisdiction over those claims until the pending motion to dismiss is fully resolved.

MONROE, LOUISIANA, this 16th day of May, 2016.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE