UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Romero                                                 Civil Action No. 13-02928

versus                                                Judge Robert G. James

Youngsville, et al                                Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Currently pending before the undersigned, on referral from the district judge, is a Motion To Dismiss Pursuant To Rules 12(b)(6) and 8(c) filed by Officers Louis Berges, Grant Thorne and Kelley Dauphine (erroneously referred to as K. Dauphine), each in his/her individual capacity and official capacity as a Police Officer for the City of Youngsville ("Defendants")[1] [Rec. Doc. 79], Tammy Romero's ("Romero") Opposition [Rec. Doc. 87] and Defendants' Reply thereto [Rec. Doc. 92]. For the reasons that follow, the Court will recommend that Defendants' Motion To Dismiss be granted.

*Background*

This lawsuit arises from events leading up to, during, and following the night

---

[1] Officer John Davison was also named as a defendant in Plaintiff's First Supplemental and Amending Petition for Damages and as a defendant in this motion. *R. 55*. On June 1, 2016 the Court granted Romero's Voluntary Motion to Dismiss John Davison as a defendant in this case. *R. 96.*

of July 23, 2012 in Lafayette Parish. On that night, during an altercation, Plaintiff Tammy Romero ("Romero") shot and killed Victor Wirtz ("Wirtz"). Police Officers from the City of Youngsville Police Department responded to the 911 call made by Romero after the shooting.

A Lafayette Parish Grand Jury executed an Indictment dated October 3, 2012, against Romero for Manslaughter. *R. 29, Exh. F*. On January 16, 2015, Romero plead guilty to negligent homicide, a violation of La. R.S. 14:32, in the Fifteenth Judicial District Court, Parish of Lafayette. *Id., Exh. A*. Romero was sentenced on September 4, 2015. *Id., Exh. B*.

Romero filed this action in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana, on July 22, 2013, alleging Constitutional claims under the Fourteenth and Fourth Amendment*s,* the Louisiana Constitution Article 1, §§ 3, 5, and various other state law claims. *R. 1-1*. Defendants removed the case on October 24, 2013. *R. 1*.

The original defendants filed a motion for summary judgment and Romero filed a motion for partial summary judgment. *R. 29; 47*. On February 17, 2016, before disposition of the motions for summary judgment, Romero filed an Amended Complaint with leave of Court, asserting claims against three newly named Defendants. *R. 55*. On April 5, 2016, the undersigned issued a Report and

Recommendation as to the motions for summary judgment involving the original defendants. Thereafter, on May 2, 2016, the three newly named Defendants filed this Motion to Dismiss. *R. 79*. On May 16, 2016, the District Court denied Romero's motion for partial summary judgment and granted in part and denied in part the defendants' motion for summary judgment. *R. 84*. In the Judgment, the District Court dismissed all of Romero's federal claims against all of the original defendants, and deferred ruling or declining to exercise supplemental jurisdiction on the state law claims until the instant motion to dismiss against the three newly added Defendants was fully resolved. *R. 85*.

In its First Supplemental And Amending Complaint, *R. 55*, Romero supplemented paragraph 4 of her original Petition by naming the three (3) Defendants now at issue and stating actions against each of them "in his individual and official capacities." *R. 1, ¶ 4* J, K, L. Romero also supplemented paragraph 15 of her original Petition by alleging these Defendants "were acting under the color of state law pursuant to the customs, ordinances and policies of the City of Youngsville and within the course and scope of their respective employment with the City of Youngsville and its police department." *R. 1; ¶ 15*. Romero made no other allegations as to any specific acts of the three Defendants. Thus, she alleged the identical claims against them as against the originally named defendants, which were addressed in this

Court's Report and Recommendation and in the District Court's Ruling and Judgment.

Based on the District Court's dismissal with prejudice of all of the federal law claims against the original defendants, these identical claims against the three Defendants should also be dismissed for the same reasons and under the same legal analysis as provided in the District Court's Ruling and Judgment. Finally, as the District Court deferred either ruling on or declining to exercise supplemental jurisdiction over the state law claims against the original defendants pending final resolution of this motion, any action on the remaining state law claims of these three Defendants should be deferred until that time.

*Conclusion and Recommendation*

Based on the foregoing, it is the recommendation of the undersigned that Defendants' Motion To Dismiss Pursuant To Rules 12(b)(6) and 8 (c) [Rec. Doc. 79] be **GRANTED IN PART** and **DENIED IN PART** in that Romero's federal law claims be **DISMISSED WITH PREJUDICE** and ruling on the state law claims be **DEFERRED** pending the final resolution of this Motion.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 24th day of June, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE