UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**TAMMY L. ROMERO**  CIVIL ACTION NO. 13-02928

**VERSUS**  JUDGE ROBERT G. JAMES

**CITY OF YOUNGSVILLE, ET AL.**  MAG. JUDGE CAROL B. WHITEHURST

# RULING

Pending before the Court is Defendants' "Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C.A. § 1988, F.R.C.P. 54, and 28 U.S.C.A. § 1927a" ("Motion for Fees and Costs") [Doc. No. 95]. Plaintiff filed a memorandum in opposition to the motion. [Doc. No. 98].

For the following reasons, Defendants' Motion for Fees and Costs is DENIED IN PART and DEFERRED IN PART.

**I.   Background**

Plaintiff Tammy Romero ("Romero") brought this case against law enforcement officials pursuant to 42 U.S.C. § 1983. On July 23, 2012, Romero shot and killed Victor Wirtz ("Wirtz") during an altercation at her home. Romero and Wirtz had a history of domestic disturbance calls.

Romero was later indicted on manslaughter, pled guilty to negligent homicide, and has since been sentenced. Her conviction has not been overturned or set aside.

On July 22, 2013, Romero brought suit in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, alleging constitutional claims under the Fourteenth and Fourth Amendments, constitutional claims under state law, and other claims under state law. Based on events prior to her shooting of Wirtz and the events of that night, she named the City of Youngsville; Youngsville

Police Department Chief, Earl Menard; Youngsville Officers Scott Bernard, Brian Laborde, Douglas Heaton, and Maurice LeBlanc, Jr., as Defendants. Romero alleged that Defendants violated her Fourteenth Amendment rights under the Equal Protection Clause with regard to her domestic violence complaints against Wirtz between December 2010 and December 2011. As part of her federal constitutional claims, she alleged that Defendants failed to comply with their duties under state law under the Family Violence Act.

In addition, Romero argued that Defendants were deliberately indifferent to her medical needs when she experienced emotional distress related to the alleged illegal search and seizure of her home and based on the concussion Wirtz allegedly caused her prior to his death.

Romero also asserted a claim that Defendants violated her Fourth Amendment rights by conducting an illegal search and seizure of her residence.

On December 31, 2015, Defendants moved for summary judgment. On February 8, 2016, Romero moved for partial summary judgment.

On February 17, 2016, Romero filed a First Supplemental and Amending Complaint, naming additional Defendants: Louis Berges, Grant Thorne, K. Dauphne, and John Davison, all of whom are police officers for the City of Youngsville and all of whom were named in their official and individual capacities.

After briefing on the dispositive motions was complete, on April 5, 2016, Magistrate Judge Whitehurst issued a Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment in part and dismiss Romero's federal claims, but deny the motion in part, remanding her state claims to the Fifteenth Judicial District Court. Magistrate Judge Whitehurst further recommended that Romero's Motion for Partial Summary Judgment be denied.

After objections and responses were filed, on May 16, 2016, the Court reviewed the entire record in this matter, adopted the Report and Recommendation of Magistrate Judge Whitehurst in part, granted Defendants' Motion for Summary Judgment on Romero's federal claims, but deferred ruling on her state claims.

Prior to the Court's ruling on the parties' dispositive motions, on May 2, 2016, the newly named Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. [Doc. No. 79]. On May 23, 2016, Romero filed an opposition memorandum seeking to avoid dismissal of the claims against all Defendants except John Davison. [Doc. No. 87]. Romero voluntarily dismissed her claims against him. [Doc. Nos. 94 & 96].

On May 31, 2016, Defendants filed the instant motion. On June 16, 2016, Romero filed a memorandum in opposition to the instant motion.

On June 24, 2016, Magistrate Judge Whitehurst issued a second Report and Recommendation [Doc. No. 99] recommending that the Court grant the Motion to Dismiss in part, dismissing Romero's remaining federal claims, and remanding her state law claims. After a review of the parties' objections and responses and the record in this matter, the Court adopted the Report and Recommendation and for those reasons, as well as those in the Court's previous ruling, granted the Motion to Dismiss in part. The Court dismissed Romero's federal claims, but remanded all of her state law claims to the Fifteenth Judicial District Court.

**II.   Attorneys' Fees**

Defendants move the Court for an award of attorneys' fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

A prevailing party in a civil rights actions may, in the discretion of the court, be awarded

reasonable attorney's fees as part of the costs. 42 U.S.C. § 1988(b). A successful civil rights defendant may recover attorney's fees against the plaintiff only if the plaintiff's action was "frivolous, unreasonable, or without foundation." *Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001); *see also Fox v. Vice*, 563 U.S. 826, 836 (2011) ("Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim. . . . Recall that the relevant purpose of § 1988 is to relieve defendants of the burdens associated with fending off frivolous litigation."). While this standard does not require a showing that the plaintiff acted in bad faith, district courts should avoid "post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). "This kind of logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.* If the lawsuit involved "both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all . . . . the defendant may not receive compensation for any fees that he would have paid in the absence of the frivolous claims." *Fox*, 563 U.S. at 840-41.

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As such, "[a]n award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). A mere "lack of merit" is not sufficient to justify an award of attorneys' fees under § 1927. *Ayala v. Enerco Group, Inc.*, 569 Fed. App'x. 241, 251 (5th Cir. 2014). Instead, the

Court should impose § 1927 sanctions only where counsel has exhibited "a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened." *Lawyers Title Ins.*, 739 F.3d at 872; *Avayla*, 569 Fed. App'x at 251 (quoting same).[1]

While Romero was not ultimately successful on her federal claims, the Court finds that Defendants should not receive an award of attorney's fees under § 1988 or under the higher standard of § 1927. The Court finds no evidence of bad faith or vexatious litigation to support an award under § 1927. Romero's zealous pursuit of claims that were dismissed on summary judgment is insufficient evidence to support the award of attorneys' fees as a sanction under § 1927, even if Defendants' counsel warned her counsel of this outcome and was ultimately found to be correct. With regard to § 1988, the Court also finds, in its discretion, that Romero's federal claims were not so frivolous, unreasonable, or lacking in foundation to support an award under § 1988.[2] Romero made some colorable arguments on her claim, including a good faith argument why prescription should not have run on her Fourteenth Amendment claims for alleged action or inaction before July 22, 2012 and why her claims were not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, she had, in fact, been successful in the related criminal proceeding of having some evidence excluded from evidence as being improperly seized, so she had some factual basis for concerns to support her Fourth Amendment arguments. The Court found that Romero could not

---

[1]Additionally, the Court has the inherent equitable power to sanction a party who has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974).

[2]The Court remanded Romero's state law claims without making a determination on the merits. Defendants are not entitled to recover attorneys' fees under any standard for its defense against the state law claims.

succeed in this litigation on her federal claims and believes that decision to be correct under law, but given the unusual facts and circumstances of this case, the Court declines to exercise its discretion to award attorneys' fees to Defendants.

## III. Costs

Finally, Defendants moved the Court for an award of costs in the amount of $2,599.19.

Federal Rule of Civil Procedure 54(d) allows a prevailing party to recover certain costs resulting from federal court litigation:

> Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d). Title 28, United States Code, Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates taxable expenses. *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004). Section 1920 provides:

> A judge or clerk of any court in the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1923 of this title . . . .

"Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Usually, a successful litigant is also the prevailing party for purposes of Rule 54(d). *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). However, the Court's discretion to award costs is not unlimited: the costs must be allowable under § 1920; the costs must be supported by proper documentation; and the costs must be reasonable.

In this case, Defendants support their motion for costs with their attorney's affidavit and billing records. However, they have failed to itemize the costs, and a review of the billing records reveals both recoverable and unrecoverable charges. Without an itemized list, the Court cannot determine if costs are properly awarded. Therefore, Defendants' Motion for Fees and Costs is DEFERRED to the extent that they seek costs without itemization.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Fees and Costs is DENIED IN PART and DEFERRED IN PART. To the extent that Defendants move for an award of attorneys' fees, the motion is DENIED. To the extent that Defendants move for an award of costs, the Court finds that they are prevailing parties who may properly recover costs under Federal Rule of Civil Procedure 54(d), but that they have failed to itemize or identify the requested costs, so that they may be evaluated under 28 U.S.C. § 1920. Thus, Defendants' motion for costs is DEFERRED. If Defendants wish to recover costs, they must file a supplemental affidavit or declaration which includes an itemized list of costs consistent with the billing records within fourteen (14) days of the date of this Order, so that the Court may adequately review the costs. If Defendants fail to do so,

their motion for costs will be denied.

MONROE, LOUISIANA, this 2nd day of September, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE