UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TAMMY L. ROMERO** | **CIVIL ACTION NO. 13-2928** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF YOUNGSVILLE, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

# RULING

Pending before the Court is Defendants' motion for costs [Doc. No. 95].

**I. BACKGROUND**

On September 2, 2016, the Court issued a Ruling [Doc. No. 109] and Order [Doc. No. 110]. The Court denied Defendants' motion for attorneys' fees, but deferred ruling on Defendants' motion for costs. The Court noted that Defendants had supported their motion for costs with their attorney's affidavit and billing records, but had failed to itemize the costs. Reviewing the billing records, the Court determined that there were both recoverable and unrecoverable costs. Without an itemized list, the Court could not determine if the requested costs were properly awarded. Accordingly, the Court deferred ruling on Defendants' motion for costs for fourteen (14) days to allow Defendants to file a supplemental affidavit or declaration itemizing the requested costs. Defendants were warned that if they failed to submit the supplemental affidavit, their motion for costs would be denied.

On September 16, 2016, Defendants filed a supplemental affidavit. [Doc. No. 111].

On September 30, 2016, Plaintiff filed objections [Doc. No. 113] to the supplemental affidavit.

The Court is now prepared to rule.

II.     **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 54(d) allows a prevailing party to recover certain costs resulting from federal court litigation:

> Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d). Title 28, United States Code, Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates taxable expenses. *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004). Section 1920 provides:

> A judge or clerk of any court in the United States may tax as costs the following:
>
> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)    Docket fees under section 1923 of this title;
>
> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1923 of this title . . . .

"Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Usually, a successful litigant is also the prevailing party for purposes of Rule 54(d). *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). However, the Court's discretion to award costs is not unlimited: the costs must be allowable

under § 1920; the costs must be supported by proper documentation; and the costs must be reasonable.

Defendants seek to recover $2,422.77 in costs and submitted a supplemental affidavit from attorney Joy Rabalais ("Rabalais"). In her supplemental affidavit, Rabalais lists fifty (50) items of costs for which Defendants seek recovery. These items fall into the categories of (1) filing fees, (2) courier fees, (3) witness and mileage fees for July 11, 2016 trial, (4) internal copying costs, (5) transcripts of Plaintiff's criminal proceedings, (6) copies of the Lafayette Parish Sheriff's Department records of Plaintiff, (7) copies of medical records for Plaintiff and the victim, Victor Wirtz, and (8) transcript of depositions.

Plaintiff objects to the supplemental affidavit, contending that Defendants again failed to provide proper documentation to allow the court to identify recoverable costs. Alternatively, Plaintiff contends that Defendants' request for costs on courier expenses, witness fees, photocopies, medical records, records from the Lafayette Parish Sheriff's Office, transcripts from the related criminal matter, and deposition transcripts should be denied.

### A. Filing Fees

Plaintiff does not challenge Defendants' request for the $400 filing fee in this Court, which is clearly recoverable. Thus, to this extent, Defendants' motion for costs is GRANTED.

### B. Courier Fees

Defendants seek to recover costs associated with courier fees. However, Section 1920 does not provide for costs related to courier service fees and thus, courier expenses are non-taxable costs. *See Guity v. Lawson Environmental Service, LLC*, 50 F.Supp.3d 760, 772 (E.D. La. 2014); *Waggoner v. Trans Union, LLC*, 2003 WL 22838718, at *4 (N.D. Tex. Nov. 24, 2003).The Court

agrees and finds that, to this extent, Defendants' motion for costs is DENIED.

### C. Witness and Mileage Fees

Defendants seek to recover witness and mileage fees for witnesses' appearance at a July 11, 2016 trial, which did not occur. Although trial was originally set for that date under the Court's July 16, 2015 scheduling order [Doc. No. 15], Defendants filed a Motion for Summary Judgment. On December 31, 2015. [Doc. No. 29]. Magistrate Judge Whitehurst issued a Report and Recommendation on the Motion for Summary Judgment [Doc. No. 68] on April 5, 2016, and then extended all trial deadlines for fourteen days on April 25, 2016. [Doc. No. 76].

On May 6, 2016, Defendants filed a Motion to Continue Trial [Doc. No. 81], which was granted by the Court on May 9, 2016. [Doc. No. 82]. Therefore, Defendants were aware more than two months before the scheduled date that the trial would not take place on July 11, 2016.

Additionally, as Plaintiff points out, Defendants seek reimbursement for witness and mileage fees for named parties, including Brian Laborde, Douglas Heaton, Maurice Leblanc, John Davidson, Scott Bernard, Louis Berges, and Kelley Dauphine, which are not recoverable. *See Morrison v. Alleluia Cushion Co., Inc.*, 73 F.R.D. 70, 71 (N.D. Miss. Dec. 2, 1976).

For these reasons, Defendants are not entitled to recover the requested costs for witness and mileage fees and, to this extent, their motion for costs is DENIED.

### C. Copying Costs

The Fifth Circuit has held that a prevailing party can recover the costs of copies necessarily made for use in the litigation. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). A party does not need "to identify every xerox copy made for use in the course of legal proceedings," but there must be "some demonstration that [copying] costs necessarily result from that litigation."

*Fogleman*, 920 F.2d at 286.

### 1. Photocopying in Office

Defendants seek recovery of costs in the amount of $918.15 for approximately 6,121 photocopies made in their office. Defendants provided a supplemental affidavit with conclusory statements that the copies were "materials necessarily obtained for use in the case," and 62 pages of invoices that do not provide a breakdown of the materials copied. The Fifth Circuit held that the losing party should not be responsible for multiple copies of documents, attorney correspondence, or any of the other multitudes of papers that may pass through a law firm's copy machines. *See Fogleman*, 920 F.2d at 286.

Other than one entry for recovery of $76.05 for the making of copies necessary for identified filings in this Court, Defendants have not provided sufficient information for the Court to make an appropriate determination as to whether the costs for these copies are recoverable. Accordingly, Defendants' motion for costs will be GRANTED IN PART and DENIED IN PART as to copying costs. Defendants' motion for costs in the amount of $76.05 for those copies related to filings in this Court is GRANTED, but their motion is otherwise DENIED.

### 2. Medical Records

Defendants seek to recover costs incurred in obtaining medical records for Plaintiff and for the victim, Victor Wirtz. In addition to Rabalais' averments that these records were necessarily obtained for use in the case, Defendants refer the Court to the accompanying billing records. Having reviewed the affidavit and billing records, as well as the record in this case, the Court finds that Defendants are entitled to recover these costs under § 1920. Notably, one of the issues in contention in this case was whether Plaintiff suffered a concussion on the night of the incident. Additionally,

given Plaintiff's allegations of the events of both that night and of her relationship with Mr. Wirtz, Defendants' counsel prudently obtained and reviewed all of her medical records and those of Mr. Wirtz. Accordingly, Defendants' motion for costs in the amount of $429.02 for these medical records is GRANTED.

### 3. Records from Lafayette Parish Sheriff's Office

Defendants seek to recover fees for copies of records relating to Plaintiff from the Lafayette Parish Sheriff's Office and assert via the Rabalais affidavit that the documents were necessarily obtained for use in the case. Although Plaintiff avers that she provided the Lafayette Parish Sheriff's Office Metro Forensic Investigations Report to Defendants, the Court finds that Defendants reasonably requested and obtained copies of any other records relating to Plaintiff, given the allegations in this case. Accordingly, Defendants' motion for costs in the amount of $25.00 for these records is GRANTED.

### D. Transcripts Fees

Defendants seek to recover costs associated with obtaining transcripts for Plaintiff's guilty plea and sentencing hearing in her criminal matter and deposition transcripts obtained in the underlying litigation. Rabalais again avers that the transcripts were necessarily obtained for use in the case.

### 1. Transcripts for Hearings in Criminal Matter

First, with regard to the transcripts from Plaintiff's criminal proceedings, the Court finds that Defendants appropriately seek reimbursement for these transcript costs. Defendants argued, in part, that Plaintiff's claims were barred under *Heck* and thus reasonably obtained a transcript of Plaintiff's guilty plea to support this and their other defenses. Defendants' motion for costs in the amount of

$61.50 for transcripts of Plaintiff's criminal court proceedings is GRANTED.

### 2. Deposition Transcripts

Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman*, 920 F.2d at 286. In this case, Defendants seek to recover costs relating to the deposition transcript of Detective Dwayne Angelle. The Court finds that Defendants necessarily obtained this transcript in light of Detective Angelle's active involvement in the incident giving rise to this lawsuit, even though it was Plaintiff who actually filed a copy of the transcript with the Court. Defendants refer to Detective Angelle's actions several times in their reply memorandum in support of their Motion for Summary Judgment. [Doc. No. 45]. Therefore, Defendants' motion for costs in the amount of $165.00 for this deposition transcript is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for costs is GRANTED IN PART and DENIED IN PART. Defendants are hereby AWARDED costs in the amount of $1,156.57.

MONROE, LOUISIANA, this 6th day of October, 2016.

*(signature)*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE